```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| IN THE MATTER OF BRAD GALPIN AND WILLIAM CASTER, AS OWNERS, AND PAUL GRIFFIN, AS OPERATOR, OF THE 2004 28' TRITON 2895, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 16-13835<br><br><br>SECTION "B"(2) |

## ORDER AND REASONS

Considering Defendant Grand Isle Port Commission's "Motion to Stay, and, in the Alternative, Motion to Continue" (Rec. Doc. 84), Defendant's Motion for Expedited Hearing on its Motion to Continue" (Rec. Doc. 85), and all Plaintiffs' Response in Opposition (Rec. Doc. 88).

Defendant Grand Isle Port Commission's co-defendant, Paul Griffin, invoked his Fifth Amendment privilege against self-incrimination multiple times during discovery in this case. *See* Rec. Doc. 84-2. "It is clear that the Fifth Amendment would serve as a shield to any party who feared that complying with discovery would expose him to a risk of self-incrimination." *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1086 (5th Cir. 1979).

Under "special circumstances" a district court should stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice. *Sec. & Exch. Comm'n v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir. 1981). "A district court's power to stay proceedings also encompasses the discretionary authority to stay a civil action pending the resolution of parallel criminal proceedings when the

interests of justice so require." *United States v. Little Al,* 712 F.2d 133, 135 (5th Cir.1983). In deciding whether or not a stay is warranted, this Court applies the following five-factor test:

> 1) the extent to which the issues in the criminal and civil cases overlap;
> 2) the status of the case, including whether the defendant has been indicted;
> 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to the plaintiff caused by a delay;
> 4) the private interest of and burden on the defendant;
> 5) the interest of the court and the public interest.

*Darryl Lodge v. Doe, ET. AL.,* No. CV 11-1257, 2012 WL 12990524, at *1 (E.D. La. Sept. 11, 2012).

Here, the criminal matter against Defendant Griffin considerably overlaps Plaintiff's civil claims. Further, a determinative outcome in the related criminal proceedings weighs substantially in the favor of all parties, including the Court. Accordingly,

**IT IS ORDERED** that the Motion to Stay is **GRANTED** and this action shall be administratively closed, without prejudice to the parties' right to reopen the case upon filing a timely motion to lift the stay.

**IT IS FURTHER ORDERED** that Parties shall, within ten (10) days of the conclusion of the criminal proceedings against Defendant Paul Griffin Jr., provide this Court with an update as to the status and/or result of said criminal matter; and B) if warranted, Claimant shall file a motion to reopen the case and lift the stay provided such motion is filed **no later than ten (10) days** after exhaustion of criminal proceedings. Failure to comply with above order may lead to

sanctions, including dismissal of claims or defenses, without further notice.

**IT IS FURTHER ORDERED** that Defendant's Motion for Expedited Hearing (Rec. Doc. 85) is **DISMISSED as moot.**

**IT IS FURTHER ORDERED** that **Pre-Trial Conference set for May 5, 2018** and **Trial currently set for June 11, 2018** are hereby **canceled.**

New Orleans, Louisiana, 8th day of March, 2018.

SENIOR UNITED STATES DISTRICT JUDGE